UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RAYMOND K. ABBIW                           CIVIL ACTION NO. 6:16-cv-00501

VERSUS                                     JUDGE DOHERTY

FRANK'S INTERNATIONAL, LLC                 MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

Currently pending before the court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted (Rec. Doc. 21), which was converted by this Court to a motion for summary judgment (Rec. Doc. 33).  Notice of the conversion was provided to the parties, and an opportunity for the submission of additional materials was afforded. (Rec. Doc. 33).  Both the plaintiff and the defendant supplemented the record. (Rec. Docs. 34, 35). The motion is opposed. (Rec. Doc. 28). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 24).  The parties waived oral argument (Rec. Doc. 27), and the motion was decided on the briefs.  Considering the evidence, the law, and the arguments presented, and for the following reasons, it is recommended that the motion be denied.

## BACKGROUND

In his complaint, the plaintiff, Raymond K. Abbiw, asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discrimination in the work place, alleging that his former employer, defendant Frank's International, LLC, created a hostile working environment, retaliated against him for complaining about the hostile workplace, and terminated his employment, all because of his race and national origin. The plaintiff alleged that he is a black man and a native of Ghana. He alleged that he reported his claim to the EEOC, the EEOC issued a right-to-sue letter, and he filed his lawsuit within ninety days after his receipt of the right-to-sue letter. (Rec. Doc. 1 at 7, ¶ 42).

The defendant contends that the plaintiff's lawsuit was not timely filed and should, for that reason, be dismissed. More specifically, the defendant argued that the plaintiff's lawsuit was untimely because it was filed more than ninety days after the right-to-sue-letter was issued and presumptively received by the plaintiff. The plaintiff responded by arguing that the ninety-day deadline for filing suit should, in this case, be equitably tolled.

This Court finds that the deadline need not be equitably tolled because the plaintiff has satisfied his burden of proving that suit was filed less than ninety days after her received his right-to-sue letter.

ANALYSIS

I. THE APPLICABLE STANDARD

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2] The allegations must be sufficient "to raise a right to relief above the speculative level,"[3] and the pleading must contain more than a statement of facts that merely creates a suspicion a legally cognizable right of action.[4] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] If the plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[4] *Bell Atlantic v. Twombly,* 550 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[5] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

line from conceivable to plausible, [his] complaint must be dismissed."[6] Rule 12(b)(6) motions to dismiss are viewed with disfavor and rarely granted.[7]

When considering a Rule 12(b)(6) motion, a district court is generally required to limit itself to the contents of the pleadings, including any attachments thereto.[8] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[9] Conclusory allegations and unwarranted deductions of fact are not accepted as true,[10] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[11] A Rule 12(b)(6) motion may be used to raise a plaintiff's failure to exhaust administrative remedies or to timely file a complaint.[12]

---

[6] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498.

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[10] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[12] *Bowers v. Nicholson*, 271 Fed. App'x 446, 449 (5th Cir. 2008) (unpublished); *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 4 (5th Cir. 2004); *Martin v. Demma*, 831 F.2d 69, 70 (5th Cir. 1987).

## II. CONVERSION OF THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT

When considering a Rule 12(b)(6) motion, a court has complete discretion to consider documents other than the complaint[13] if those documents are attached to the motion, referenced in the complaint, and central to the plaintiff's claims.[14] If a court considers materials outside of the pleadings, however, the motion to dismiss must be treated as a motion for summary judgment,[15] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[16] If the court does not rely on materials beyond the complaint, however, it need not convert a motion to dismiss into one for summary judgment since the parties' submission of extraneous materials does not automatically convert a Rule 12(b)(6) motion into a motion for summary judgment.[17]

In this case, the defendant submitted evidence beyond the scope of the pleadings along with its motion to dismiss, and the plaintiff submitted an affidavit

---

[13] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498–99.

[15] Fed. R. Civ. P. 12(d).

[16] *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[17] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

and exhibits constituting evidence beyond the scope of the pleadings along with his opposition brief. This Court found the additional evidence submitted by the parties to be particularly important to the resolution of the issue presented in the motion to dismiss, i.e., whether the plaintiff's lawsuit was timely filed following the exhaustion of the plaintiff's administrative remedies. Therefore, this Court converted the motion to dismiss to a motion for summary judgment and gave the parties an opportunity to submit any additional relevant and appropriate summary-judgment-style evidence. (Rec. Doc. 33). Both parties supplemented the record. (Rec. Docs. 34, 35).

### III. THE STANDARD FOR RESOLVING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[18] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[19]

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[19] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

The party seeking summary judgment must initially inform the court of the basis for its motion and identify those parts of the record that demonstrate the absence of genuine issues of material fact.[20] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[21] All facts and inferences are construed in the light most favorable to the nonmoving party.[22]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[23] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[24]

## IV. THE DEFENDANT FAILED TO PROVE THE PLAINTIFF'S CLAIM IS UNTIMELY

---

[20] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[21] *Washburn v. Harvey*, 504 F.3d at 508.

[22] *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[23] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[24] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

The elements of a Title VII claim based on race discrimination creating a hostile work environment are: (1) that the plaintiff belongs to a protected group; (2) that the plaintiff was subjected to unwelcome harassment; (3) that the alleged harassment was based on race; (4) that the alleged harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[25] In this case, the plaintiff made factual allegations in his complaint supporting each and every one of these elements. He alleged that he belongs to a protected group, being black and originally from Ghana. (Rec. Doc. 1 at 2). He alleged that he was harassed by coworkers (Rec. Doc. 1 at 3). He alleged that the harassment was due to his race and national origin. (Rec. Doc. 1 at 6). He alleged that the harassment affected his employment in that he was denied assignments following a particular incident with coworkers (Rec. Doc. 1 at 4) and then retaliated against for having reported the harassment (Rec. Doc. 1 at 4-5). He alleged that his employer knew about the alleged harassment (Rec. Doc. 1 at 4) and responded by punishing the plaintiff rather than taking remedial action (Rec. Doc. 1 at 6).

A plaintiff asserting an employment discrimination claim like that of the plaintiff in this case must exhaust his administrative remedies before pursuing his

---

[25]  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

claims in federal court.[26] Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of his right to sue.[27] Title VII states that claimants have ninety days to file a civil action "after the giving of such notice."[28] The jurisprudence frequently states that a plaintiff must file suit within ninety days of his *receipt* of such a notice from the EEOC.[29] In this case, the plaintiff expressly alleged in his complaint that he filed his complaint less than ninety days after he received a right-to-sue letter from the EEOC.[30]

The Fifth Circuit has held that when a plaintiff alleges that he filed his complaint less than ninety days after receiving a right-to-sue letter without also stating the date on which the right-to-sue letter was received, the allegation is conclusory and insufficient to preclude dismissal under Rule 12(b)(6).[31] In such a case, the Fifth Circuit applied a presumption that the letter was actually received a

---

[26] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

[27] *Taylor v. Books A Million*, 296 F.3d at 379; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996).

[28] 42 U.S.C. § 2000e–5(f)(1).

[29] See, e.g., *Dao v. Auchan Hypermarket*, 96 F.3d at 788–89; *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982).

[30] Rec. Doc. 1 at 7, ¶ 42.

[31] *Taylor v. Books A Million*, 296 F.3d at 379

few days after it was sent, found that the complaint was filed more than ninety days thereafter, and dismissed the complaint.[32]

But the plaintiff does not rest solely on the allegations set forth in his complaint. He also submitted an affidavit,[33] in which he stated that the EEOC told him by telephone that a right-to-sue letter would be issued, that he waited a few weeks, and that he did not receive the expected letter. Therefore, on November 2, 2015, the plaintiff traveled to the New Orleans EEOC office and asked for the letter. The EEOC representative he talked with told him that she could not give him a copy of the letter but that she could mail it to him. The plaintiff stated in the affidavit that he received the right-to-sue letter on November 6, 2015. The defendant presented no evidence contradicting these facts.

The documents that were submitted by the defendant establish that the EEOC issued a right-to-sue letter to the plaintiff on September 29, 2015. (Rec. Doc. 21-3). But the defendant did not submit any evidence proving when the plaintiff received the right-to-sue letter. Still, the defendant argued that because the right-to-sue letter was dated September 29, 2015, the plaintiff should be presumed to have received the letter within three to seven days, and the ninety-day period should have started

---

[32] *Taylor v. Books A Million*, 296 F.3d at 380-81.

[33] Rec. Doc. 35-1.

running at that point, arguing that the Fifth Circuit has rejected the concept that actual receipt of a right-to-sue letter is required before the ninety days start to run. The rule endorsed by the defendant, however, is applicable only when the date on which a right-to-sue letter was actually received is either unknown or disputed.[34] In this case, however, the plaintiff stated in his affidavit that he received the right-to-sue letter on November 6, 2015,[35] and the defendant presented no evidence establishing that the letter was received on any other date. Therefore, there is no doubt or dispute concerning the date on which the letter was received. The plaintiff proved that he received the letter on November 6, 2015. This lawsuit was filed on January 23, 2016. Therefore, the suit was filed less than ninety days after the plaintiff's receipt of the right-to-sue letter, and the presumptive method endorsed by the defendant is not applicable in this case.

The relevant statute states that the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."[36] The right-to-sue letter itself states that

---

[34] *Taylor v. Books A Million*, 296 F.3d at 379-80 ("Because Taylor has failed to allege the specific date for which he actually received the right-to-sue letter and the date the letter was received is unknown, we conclude that a presumption of receipt is appropriate.")

[35] Rec. Doc. 35-1 at 2.

[36] 42 U.S.C. § 2000e–5(f)(1).

a claimant's lawsuit must be filed within ninety days of his receipt of the notice.[37] The Fifth Circuit has held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice."[38]

In opposition to the motion, the plaintiff submitted affidavits in which he averred that he received the right-to-sue letter on November 6, 2015. (Rec. Doc. 28-1 at 2; Rec. Doc. 35-1 at 2). No evidence rebutting that statement was offered by the defendant. This Court therefore finds that the EEOC gave notice to the plaintiff on November 6, 2015, when he testified that he received the right-to-sue letter. This lawsuit was filed on January 23, 2016, which was less than ninety days after November 6, 2015. There are no material facts in dispute. Accordingly, this Court finds that the plaintiff's lawsuit was timely filed.

## CONCLUSION

Having found that the plaintiff filed his complaint less than ninety days after he received the right-to-sue letter, this Court finds that the complaint was timely, there are no material facts in dispute, and the defendant is not entitled to summary

---

[37] Rec. Doc. 21-2 at 1.

[38] *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985).

judgment in its favor as a matter of law. Accordingly, this Court recommends that the defendant's motion for summary judgment (Rec. Doc. 21) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on July 8, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE